IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HERMAN LEE TATE,
BOP ID # 13566-058,

     Petitioner,

v.

WARDEN, USP ATLANTA,

     Respondent.

HABEAS CORPUS
28 U.S.C. § 2241

CIVIL ACTION FILE NO.
1:18-CV-661-ODE-JKL

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner Herman Lee Tate, a federal prisoner presently confined at the United States Penitentiary in Atlanta, Georgia, seeks via 28 U.S.C. § 2241 to challenge the validity of his conviction and sentence in the United States District Court for the Western District of North Carolina.  [Doc. 4.]  Petitioner has not paid a filing fee or sought leave to proceed without prepayment of a filing fee.

This matter is before the Court for a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which also applies to Section 2241 actions, as provided in Rule 1(b).  Summary dismissal of a habeas petition under Rule 4 is proper when the petition and the attached exhibits plainly reveal that relief is not warranted.  *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating

that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face").

Petitioner is currently serving a sentence entered in the Western District of North Carolina on June 22, 1999.  [Doc. 1].  Petitioner appealed to the United States Court of Appeals for the Fourth Circuit on July 13, 1999, but subsequently dismissed his appeal.  He filed for habeas relief pursuant to 28 U.S.C. § 2255 on February 5, 2001, in the Western District of North Carolina raising claims of ineffective assistance of counsel.  His motion was dismissed on March 3, 2004. On April 19, 2016, Petitioner sought permission to file a second or successive § 2255 motion from the Fourth Circuit, arguing that he had been erroneously sentenced as a career offender.  His request was denied on May 3, 2016.

Petitioner filed the present petition in this Court on February 12, 2018, raising the following grounds for relief:  (1) his sentence enhancement under 21 U.S.C. § 851 is null and void in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016); and (2) his prior convictions do not qualify him as a career offender in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *Holt v. United States*, No. 16-1793 (7th Cir. Dec. 13, 2016).

When a conviction has become final, a federal prisoner usually may challenge the legality of his detention only through a § 2255 motion. *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 502 (Dec. 4, 2017); *see also Hill v. Warden, FCC Coleman-USP II*, 364 F. App'x 587, 588 (11th Cir. 2010) ("Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255."); *Wattleton v. Beeler*, 186 F. App'x 852, 852-53 (11th Cir. 2006) ("Section 2255 is the primary method to collaterally attack a federal sentence."). The "saving clause" of § 2255(e), however, allows a federal prisoner to bring a habeas corpus petition under § 2241 if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Whether the saving clause applies is a threshold issue, and this Court may not reach the merits of a § 2241 petition unless the Court has jurisdiction to entertain it. *McDowell v. Warden, FCC Coleman-Medium*, 694 F. App'x 692, 693-94 (11th Cir. 2017), *cert. denied* 138 S. Ct. 343 (Oct. 10, 2017). "The burden of demonstrating the inadequacy of or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013), *abrogated in part on other grounds by Johnson v. United States*, 135 S. Ct. 2551 (2015).

3

"A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." *McCarthan*, 851 F.3d at 1099.  In other words, "if the prisoner could have brought the claim in a motion to vacate, then the prisoner had a meaningful opportunity to test his claim."  *Id.*; *see also Smith v. FCC Coleman-Medium Warden,* 701 F. App'x 929, 931 (11th Cir. 2017) ("'[T]o determine whether a prisoner satisfies the saving clause, we ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim.' . . . Stated another way, if the prisoner could have brought the claim in a motion to vacate, then the prisoner had a meaningful opportunity to test his claim.") (quoting *McCarthan*, 851 F.3d at 1086). Notably, § 2255 is not inadequate or ineffective merely because the result of a § 2255 is unsuccessful or because the movant is precluded from filing a second or successive § 2255 motion.  *Wilson v. Warden, FCC Coleman*, 581 F. App'x 750, 752 (11th Cir. 2014); *Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir. 2011); *see also McCarthan*, 851 F.3d at 1090-91 ("Neither McCarthan's failure to bring this claim earlier nor his odds of success on the merits are relevant to the saving clause inquiry" and "[t]he mere fact that such [a § 2255 motion] is procedurally barred by § 2255's . . . restriction on second or successive motions does not make it inadequate or ineffective.").

Petitioner claims that the § 2255 remedy is inadequate because of the existence of a new interpretation of statutory law in *Descamps* and *Mathis*, which was issued after Petitioner had filed his direct appeal and § 2255 motion.  As noted above, however, these facts to do not support the application of the savings clause. While *Descamps* and *Mathis* may not have been decided when Petitioner filed his appeal and motion to vacate, nothing stopped him from raising the grounds for relief he raises now.  A motion to vacate provides an adequate and effective remedy for Petitioner to raise all of the claims in his § 2241 petition.  Accordingly, Petitioner fails to satisfy the *McCarthan* standard for application of the saving clause.  Petitioner's § 2241 petition should be dismissed for lack of subject matter jurisdiction. *See Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013).

For these reasons, **IT IS RECOMMENDED** that the § 2241 petition [1] be **DISMISSED** for lack of subject matter jurisdiction.  The Court **GRANTS** Petitioner *in forma pauperis* status for the purpose of dismissal only.  The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO ORDERED AND RECOMMENDED** this 22nd day of February, 2018.

_____

JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE