IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HERMAN LEE TATE,
BOP ID # 13566-058,

   Petitioner,

v.

WARDEN, USP ATLANTA,

   Respondent.

: HABEAS CORPUS
: 28 U.S.C. § 2241
:
:
:
: CIVIL ACTION FILE NO.
: 1:18-CV-661-ODE-JKL
:
:
:

## ORDER

This matter is before the Court on the Magistrate Judge's Order and Final Report and Recommendation (Doc. 2), and Petitioner's objections thereto (Doc. 4).

In reviewing a Magistrate Judge's R&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72, advisory committee note, 1983

Addition, Subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Petitioner objects and has reviewed the remainder of the R&R for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

Petitioner objects to the Magistrate Judge's finding that he has not satisfied the saving clause in this case. Petitioner argues that 28 U.S.C. § 2255 is not adequate to address his claims, citing *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc). In *Spencer*, a § 2255 movant argued that he had been misclassified as a career offender under the sentencing guidelines. The Eleventh Circuit held that "[w]hen a federal prisoner, sentenced below the statutory maximum, complains of sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice," as required to obtain § 2255 relief. *Id.* at 1139. The court further noted that "[a] misapplication of advisory sentencing guidelines . . . does not . . . raise constitutional concerns." *Id.* at 1140.

According to Petitioner, *Spencer* stands for the proposition that the § 2255 remedy is inadequate to address his claim, thus satisfying the saving clause. The Court disagrees. *Spencer* stands for the proposition that § 2255 cannot be used to challenge a misapplication of the sentencing guidelines. Petitioner's life sentence was not

-2-

imposed based on a career offender status under the sentencing guidelines. Rather, his life sentence was imposed pursuant to 21 U.S.C. § 841(b)(1)(A), which imposes a mandatory life sentence when a defendant has two or more prior felony drug convictions. While such a claim may not have been ultimately successful, Petitioner could have raised his argument that his prior felony drug convictions should not have been used as a basis to impose a mandatory life sentence under § 841 in a § 2255 motion. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1090-91 (11th Cir. 2017), *cert. denied,* 138 S. Ct. 502 (Dec. 4, 2017) (noting that "odds of success on the merits are [not] relevant to the saving clause inquiry"). As the Magistrate Judge noted in the R&R, Petitioner has failed to show that the saving clause applies in this case.[1]

Petitioner's objections do not indicate a basis to reject, modify, or set aside the conclusions reached in the R&R. Accordingly, the objections are OVERRULED. Finding no clear error in the remainder of the R&R, the Court ADOPTS the R&R as the Order and Opinion of this Court.

IT IS SO ORDERED this 13 day of March, 2018.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Petitioner has asserted that his sentence is invalid in light of *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). Both *Descamps* and *Mathis* address provisions of the Armed Career Criminal Act, 18 U.S.C. § 924(e), and have no bearing on the provisions of § 841(b)(1)(A).

-3-